UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| FARRELL DILLION, | ) | CIV. 12-5036-JLV |
| | ) | |
| Plaintiff, | ) | ORDER FOR |
| | ) | FURTHER ACTION |
| vs. | ) | |
| | ) | |
| | ) | |
| GLENN BRENNER, State of S.D., | ) | |
| | ) | |
| Defendant. | ) | |

On June 7, 2012, plaintiff Farrell Dillion, a prisoner appearing *pro se*, filed a complaint against defendant Glenn Brenner, asserting Mr. Brenner lacked plenary jurisdiction and subject matter jurisdiction, violated the 1868 Fort Laramie Treaty, and manufactured crimes. (Docket 1). Mr. Dillion did not provide any additional information or any facts to support his allegations. Mr. Dillion seeks an unspecified amount of punitive and compensatory damages. Id. Mr. Dillion also moves for leave to proceed *in forma pauperis*. (Docket 3).

Civil litigants, even *pro se* litigants, must comply with the Federal Rules of Civil Procedure. See Bennett v. Dr Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002) (noting plaintiff's *pro se* status "did not entitle him to disregard the Federal Rules of Civil Procedure, even without affirmative notice of the application of the rules to his case") (citation and internal quotation marks omitted). *Pro se* litigants also must comply with court rules and directives. Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005). Fed. R. Civ. P. 8(a)(2), which sets out the general rules of pleading, requires "a short

and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "This short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Gomez v. Wells Fargo National Bank, N.A.</u>, 676 F.3d 655, 665 (8th Cir. 2012) (citations and internal quotation marks omitted).

Mr. Dillion's complaint does not comply with the fair notice rule.  First, it is unclear if Mr. Dillion brings suit against only Mr. Brenner or against both Mr. Brenner and the State of South Dakota.  If there are two defendants, the complaint does not identify the specific claims asserted against each defendant separately.  Secondly, the complaint does not provide *any* facts to support the claims alleged.  Finally, the complaint does not specify the amount of damages requested.

Mr. Dillion's motion for leave to proceed *in forma pauperis* also is deficient.  Section 1915 of Title 28 of the United States Code, as amended by the Prison Litigation Reform Act of 1995, governs proceedings filed *in forma pauperis*.  Under § 1915, a prisoner filing a civil suit "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  Mr. Dillion did not provide a certified copy of his current prisoner trust account report.  Without

2

this report, the court cannot rule on Mr. Dillion's motion for leave to proceed *in forma pauperis*.[1]  Accordingly, it is hereby

ORDERED that, on or before **July 9, 2012**, Mr. Dillion shall file a certified copy of his current prisoner trust account statement signed by an authorized prison official.  Failure by Mr. Dillion to do so shall result in the denial, without further notice, of his motion for leave to proceed *in forma pauperis*.

IT IS FURTHER ORDERED that the Clerk of Court immediately shall send Mr. Dillion, by first-class mail, a copy of the prisoner complaint form.

IT IS FURTHER ORDERED that Mr. Dillion shall complete and file the form on or before **July 9, 2012**.  The form requires Mr. Dillion to identify the defendant(s) and to set forth the factual allegations supporting Mr. Dillion's claims against the defendant(s) as well as the specific rights Mr. Dillion claims the defendant(s) violated.  Mr. Dillion must also state his prayer for relief with specificity.  Mr. Dillion must complete the form in its entirety and must file the

---

[1]The court also notes the *in forma pauperis* statute requires the court to screen a civil complaint brought by a prisoner against a government officer, employee, or entity.  See  28 U.S.C. § 1915A(a).  During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  Given the deficiencies in Mr. Dillion's complaint, the court does not have enough information to determine whether to allow the civil suit to proceed or to dismiss it entirely or in part during the screening process.

completed form by the above deadline.  The Clerk of Court shall file the completed form as an amended complaint.

Failure by Mr. Dillion to comply *fully and timely* with the court's directives shall result in dismissal of the complaint without further notice.  See Henderson v. Renaissance Grand Hotel, 267 Fed. Appx. 496, 2008 WL 540172 at *1 (8th Cir. 2008) ("A district court has discretion to dismiss an action under [Fed. R. Civ. P. 41(b)] for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) (acting *sua sponte*, a district court may dismiss an action under Fed. R. Civ. P. 41(b) when plaintiff refuses to comply with an order of the court); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (finding a district court may dismiss an action under Rule 41(b) on its own initiative and "without affording notice of its intention to do so or providing an adversary hearing before acting" and recognizing a district court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Dated June 13, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

4